IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TERESA SHORT,**

    **Plaintiff,**

v.                                          **Civil Action 2:22-cv-3465**
                                                **Judge James L. Graham**
                                                **Magistrate Judge Jolson**

**GALLIA COUNTY BOARD
OF COMMISSIONERS, et al.,**

    **Defendants.**

<u>**OPINION AND ORDER**</u>

This matter is before the Court on Plaintiff's Motion for Extension of Time (Doc. 9) and Motion for Leave to File First Amended Complaint (Doc. 10). For the following reasons, the Motion for Extension of Time (Doc. 9) is **GRANTED in part and DENIED in part**, and the Motion for Leave to File First Amended Complaint is **GRANTED**. Deadlines are **AMENDED** as follows: Discovery due by October 2, 2023; Dispositive motions due by November 2, 2023. The Clerk is **DIRECTED** to file Doc. 10-2 as the First Amended Complaint in this matter.

**I.    BACKGROUND**

Plaintiff brings the present action for employment discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq.*; the Ohio Laws of Discrimination, R.C. Chapter 4112; and the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2611(2) and 28 U.S.C. § 1311. (Doc. 1, ¶ 7). She alleges the following facts in connection with her claim.

Plaintiff worked as the Chief Deputy Auditor for the Gallia County Auditor's office, beginning in 1997. (*Id.*, ¶¶ 10–11). She was primarily responsible for maintaining a centralized accounting system for the Gallia County government. (*Id.*, ¶ 12). While performing this role, Plaintiff was disabled. (*Id.*, ¶ 14). In particular, she was diagnosed with stress disorder, which "substantially limits

one or more major life activities, including working and caring for herself." (*Id.*, ¶¶ 13–14). She also had a prior cancer diagnosis, which required "continuous medical treatment to monitor and reduce the likelihood of a cancer recurrence." (*Id.*, ¶ 15).

In February 2022, Plaintiff took twelve weeks of medical leave under the FMLA "to address her own serious medical conditions." (*Id.*, ¶ 18). When she returned to work in May, she discovered she had been demoted. (*Id.*, ¶ 19). Robert Jacks, who was serving as the Gallia County Auditor, then purportedly obstructed Plaintiff's ability to perform her job, so he could fire her under the pretense that she was unable to complete her work satisfactorily. (*Id.*, ¶¶ 20–24). On May 10, 2022—after twenty-five years serving in the Auditor's office, and shortly after she returned from medial leave—Plaintiff was terminated by Mr. Jacks. (*Id.*, ¶¶ 23–24).

After receiving a right-to-sue notice from the Equal Employment Opportunity Commission (Doc. 1-2), Plaintiff brought this suit on September 20, 2022 against the Gallia County Board of Commissioners and three of its members: Harold Montgomery, M. Eugene Greene, and Q. Jay Stapleton (Doc. 1). On November 18, 2022, Defendants filed their Answer, in which they asserted ten defenses, including that "Plaintiff has failed to join a necessary and indispensable party." (Doc. 3, ¶ 102). On February 14, 2023, Plaintiff served interrogatories on Defendants' counsel (Doc. 10 at 2), and Defendants responded on April 6, 2023 (Doc. 10-1 at 21). Notably, those responses included the following:

> 3. Please state Plaintiff's job title(s) and describe the job responsibilities and duties for each position held by Plaintiff during the course of her employment with Gallia County and the dates during which Plaintiff held each position.
>
> ANSWER:
>
> Plaintiff did not work for "Gallia County" or the Defendants. Upon information, it is understood that Plaintiff worked under a contract service agreement for the Gallia County Treasurer in 1997, that Plaintiff was employed as a Delinquent Tax Collection Deputy for the Gallia County Treasurer starting 01/01/1998, and Plaintiff was subsequently employed by the Gallia County Auditor. Defendant

2

> is not aware of Plaintiff's job duties, as she worked for other appointing authorities.

(*Id.* at 2).

Because of Defendants' representation that the Gallia County Auditor, and not any of the named Defendants, "had exclusive authority over Plaintiff's employment[,]" Plaintiff now asks to amend her Complaint to include the Gallia County Auditor as a defendant. (Doc. 10 at 3). Additionally, she requests a 120-day extension to the remaining case deadlines, so that additional discovery may be collected regarding the Gallia County Auditor. (Doc. 9). Defendants have filed oppositions to both Motions (Doc. 12, 13) and Plaintiff has replied (Doc. 14). The Motions are ripe for consideration.

## II. STANDARD

Two federal rules govern Plaintiff's Motions. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that when a party seeks leave of court to file an amended pleading, "[t]he court should freely give leave when justice so requires." This rule, which allows a liberal policy in favor of granting amendments, "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). Thus, the trial court enjoys broad discretion in deciding motions for leave to amend. *See Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227 (1962).

Because Plaintiff moved to amend after the Court's amendment deadline, she "must meet the higher threshold for modifying a scheduling order found in Rule 16(b)." *Shane v. Bunzl Distrib. USA,*

3

*Inc.*, 275 F. App'x 535, 536 (6th Cir. 2008). This means Plaintiff must "show good cause under Rule 16(b) for the failure to seek leave to amend prior to the expiration of the deadline before [the Court] will consider whether the amendment is proper under Rule 15(a)." *Hill v. Banks*, 85 F. App'x 432, 433 (6th Cir. 2003). "[T]he touchstone of the good cause inquiry under Rule 16(b) is whether the moving party acted diligently in attempting to meet the deadline set forth in the pretrial order." *Permasteelisa CS Corp. v. Airolite Co.*, LLC, No. 2:06-cv-0569, 2007 WL 1683668, at *2 (S.D. Ohio June 8, 2007). Good cause also must be shown for extending the discovery and dispositive motion deadlines, as requested in Plaintiff's Motion for Extension.

### III. DISCUSSION

#### A. Motion for Leave to File First Amended Complaint (Doc. 10)

Plaintiff asks to amend her Complaint to join the Gallia County Auditor (the "Auditor") as a defendant to this action. (Doc. 10). Because of Defendants' representation that the Auditor had exclusive authority over her employment, she says that without joining them as a party, she will not be able to obtain complete relief for her claims. (*Id.* at 3–5). Defendants say Plaintiff cannot show good cause for amendment, because she knew—or should have known—that the Auditor was a necessary party earlier in the litigation. (Doc. 12 at 7–8). Further, they say they will be unduly prejudiced by amendment, and the amendment will be futile. (*Id.* at 7–11). The Court finds that good cause and the liberal policy in favor of amendment support granting the Motion.

The first question is whether Plaintiff can demonstrate good cause for amending the scheduling order. In other words, whether she was reasonably diligent in seeking amendment. Here, the parties dispute when Plaintiff learned that the Auditor was the party in control of her employment. Defendants suggest that Plaintiff knew the Auditor should be a defendant before filing the case, because she seems to have named the Auditor in her EEOC charge. (Doc. 12 at 8; *see* Doc. 1-2 at 1 (right-to-sue letter

4

addressed in reference to the EEOC charge against "Gallia County Auditor/ County Commissioners")). But it is clear from the allegations in Plaintiff's original Complaint that she was under the misapprehension that the Commissioners were responsible for decisions surrounding her employment. (*See, e.g.,* Doc. 1, ¶ 19) (noting that upon her return to work she learned that Defendants had demoted her). This is unlike *Bonds v. University of Cincinnati Medical Center*, cited by Defendants, in which the plaintiff was certain about who had allegedly harmed him before the onset of the litigation. No. 1:15-cv-641, 2017 WL 3671239, at *4 (S.D. Ohio Aug. 24, 2017) ("While plaintiff may have learned more detailed information during discovery, the emails plaintiff attached to his proposed second amended complaint to support his allegations indicate that plaintiff accused [the proposed Defendant] of misconduct and threatened to sue him before plaintiff even filed this lawsuit.").

Further, Defendants suggest that Plaintiff should have known to sue the Auditor when they alleged in their Answer that Plaintiff had failed to join a necessary and indispensable party. (Doc. 12 at 8; *see* Doc. 3, ¶ 102). But this was a broadly phrased defense and did not mention the Auditor. It only became apparent that the Auditor—and not the Commissioners—had controlling authority over Plaintiff's employment when Defendants answered Plaintiff's interrogatories, on April 6, 2023. (*See* Doc. 10-1). Upon learning this, Plaintiff's counsel conferred with Defendants' counsel on the issue (Doc. 12-3 at 6–8) and brought the instant Motion shortly thereafter. Accordingly, the Court finds that Plaintiff exercised reasonable diligence and has demonstrated good cause under Rule 16.

The second question is whether Rule 15's liberal policy in favor of amendment is outweighed by concerns for undue delay and prejudice to Defendants or the futility of the proposed amendment. It is not. On the issue of delay and prejudice, Defendants say that the joinder will require additional discovery and "essentially reset this case to the beginning of discovery." (Doc. 12 at 7). But, as will be described below, Defendants consent to a limited extension of the discovery deadline for their own

5

purposes, and the joinder of this new party should not require a significant extension beyond that. Still more, this case is less than a year old and has had no previous extensions of the scheduling order, so an extension of a few months will not result in undue delay.

Regarding futility, Defendants say Plaintiff's claims against the Auditor will be time-barred because they were not brought within ninety days of receipt of her right-to-sue letter—and that she has failed to demonstrate she exhausted administrative remedies. (*Id.* at 8–10). Plaintiff, unsurprisingly, says that she has exhausted all necessary administrative remedies, and the statute of limitations will not be preclusive because her amendment relates back to her original Complaint. (Doc. 14 at 5–7). At this stage, the Court's role is only to evaluate "whether the futility of an amendment is so obvious that it should be disallowed." *Bear v. Delaware Cnty., Ohio*, No. 2:14-CV-43, 2015 WL 1954451, at *3 (S.D. Ohio Apr. 28, 2015).

On its face, the proposed amendment is not futile, and it therefore clears the low bar of evaluation at this stage. Any further scrutiny would require the Undersigned to directly address the merits of the proposed Amended Complaint. *See id.* It is "the better exercise of discretion to permit the amendment" and allow Defendants to address the sufficiency of the pleadings in a dispositive motion before the District Judge. *Id.*; *see also Durthaler v. Accounts Receivable Mgmt., Inc.,* 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) ("[I]t is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss."); *Brown v. Worthington Steel, Inc.*, 211 F.R.D. 320, 323 (S.D. Ohio 2002) (noting that "[a] court will not ordinarily consider the merits of a proposed amended complaint in ruling on a motion for leave to amend unless it appears to be frivolous").

Accordingly, Plaintiff has satisfied the standards for amendment under Rules 15 and 16, and her Motion for Leave to File First Amended Complaint (Doc. 10) is **GRANTED**.

6

### B. Motion for Extension (Doc. 9)

Plaintiff asks for a 120-day extension of the discovery and dispositive motion deadlines, so the parties can proceed with Plaintiff's deposition—which the parties were unable to schedule prior to the close of discovery—and so she can conduct any additional discovery related to the Auditor. (Doc. 9). Defendants do not oppose a sixty-day extension for the deposition but do oppose any further extension. (Doc. 13). As detailed above, good cause supports allowing amendment to join the Auditor as a defendant to this action. Because it is likely the joinder will require the collection of some additional discovery, there is also good cause for allowing an extension of these deadlines. Respecting Defendants' concerns about the length of the extension, and in anticipation that any outstanding discovery will be limited and will be requested and produced efficiently, the Court will enter a ninety-day extension to the deadlines. Accordingly, Plaintiff's Motion for Extension is **GRANTED in part and DENIED in part**, and deadlines are **AMENDED** as follows: Discovery due by October 2, 2023; Dispositive motions due by November 2, 2023.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Extension of Time (Doc. 9) is **GRANTED in part and DENIED in part**, and Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 10) is **GRANTED**. Deadlines are **AMENDED** as follows: Discovery due by October 2, 2023; Dispositive motions due by November 2, 2023. The Clerk is **DIRECTED** to file Doc. 10-2 as the First Amended Complaint in this matter.

IT IS SO ORDERED.

Date: July 5, 2023                    /s/ Kimberly A. Jolson
                                      KIMBERLY A. JOLSON
                                      UNITED STATES MAGISTRATE JUDGE